**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **THOMAS T.,** [1] <br><br> **Plaintiff,** <br><br> v. <br><br> **COMMISSIONER OF SOCIAL SECURITY,** <br><br> **Defendant.** | Case No. 21–cv–09058–ESK <br><br><br> OPINION |

**KIEL, U.S.D.J.**

**THIS MATTER** is before the Court on plaintiff Thomas T.'s appeal (ECF No. 1 (Appeal)) from the final decision of the Commissioner of the Social Security Administration (Commissioner) (ECF No. 17–2 (ALJ Decision [2])) denying plaintiff's application for Social Security disability insurance benefits. For the following reasons, the Commissioner's decision will be **AFFIRMED**.

**I.   BACKGROUND**

Plaintiff first alleged that he had a disability on August 22, 2015. (ALJ Decision p.5) Plaintiff filed an appeal challenging the Commissioner's decision, dated June 22, 2020, to deny his application for social security benefits. (*Id.* ¶¶1,2.) On August 6, 2021, this case was remanded by consent order (ECF No. 11) for further proceedings under 42 U.S.C. §405(g) due to irregularities in the hearing recording process. Subsequently, the "Appeals

---

[1] Due to the significant privacy concerns in Social Security cases, any nongovernmental party will be identified and referenced solely by first name and last initial in opinions issued in the United States District Court for the District of New Jersey. *See* D.N.J. Standing Order 2021-10.

[2] The ALJ's decision is accepted by and imputed to the Commissioner.

Council vacated the final decision of the Commissioner, [dated June 22, 2020,] and remanded the case for a *de novo* hearing and advised the Administrative Law Judge (ALJ) to take any further action needed to complete the record and to issue a new decision." (ALJ Decision p. 5.) The ALJ issued a new decision on May 30, 2023. (ECF No. 12.) Once again, the ALJ found that plaintiff "was not under a disability, as defined in the Social Security Act, at any time from August 22, 2015, the alleged onset date, through March 31, 2021, the date last insured … ." (ALJ Decision pp. 21, 22.) The case was then reopened and reinstated on September 28, 2023. (ECF No. 13.)

## II.   LEGAL STANDARD

### A.   Standard Governing Benefits

20 C.F.R. § 404.1520(a)(4) sets forth a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the regulation. "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If [the claimant] is, [the claimant] is not disabled. *Id.* Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, [the claimant] is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If

2

> [the claimant] has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations" [(Listings)]. *Smith*, 631 F.3d at 634. If the claimant's impairments do, [the claimant] is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If [the claimant does] not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" (RFC) and whether he can perform his [or her] "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [the claimant] can still do despite [the claimant's] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform … past relevant work despite [the claimant's] limitations, [the claimant] is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If [the claimant] cannot, the ALJ moves on to step five.
>
> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] … age, education, and work experience." *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, [the claimant] is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If [the claimant] cannot, he is disabled.

*Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201–02 (3d Cir. 2019).

### B.  Standard of Review

When reviewing an ALJ's final decision as to disability benefits, the Court exercises plenary review and reviews factual findings for "substantial evidence." *See* 42 U.S.C. § 1383(c)(3); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales*

3

*v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422 (3d Cir. 1999)).   It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence."   *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir.1971)).

"[E]ven if [the Court] would have decided the factual inquiry differently," the ALJ's decision may not be set aside if it is supported by substantial evidence.   *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (holding that when reviewing an ALJ's decision, the Court cannot "weigh the evidence or substitute its conclusions for those of the fact-finder.").   While the ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review."   *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).   "Where evidence in the record is susceptible to more than one rational interpretation, [the Court] must accept the Commissioner's conclusions."   *Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 284 (3d Cir. 2006).

### III.  THE ALJ'S DECISION

At step one, the ALJ found that plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of August 22, 2015 through his date insured of March 31, 2021 … ."   (ALJ Decision p. 8.)

At step two, the ALJ concluded that plaintiff "had the following severe impairments: bipolar disorder; panic disorder; and history of attention deficit hyperactivity disorder … ."   (*Id.*)   The ALJ also noted plaintiff's substance abuse disorder, asthma, allergic rhinitis, hypogonadism, low testosterone, hyperlipidemia, gastroesophageal reflux disease, episodes of acute sinusitis and pneumonia, hernia repair surgery, and color blindness. (*Id.* pp. 8, 9.)

Notwithstanding, the ALJ determined that "[t]hese impairments are not 'severe' impairments within the meaning of the Social Security Act and [r]egulations because there is no evidence that these conditions cause more than minimal limitations on [plaintiff's] … ability to perform work-related activities … ." (*Id.* p.9.)

At step three, the ALJ considered various listings set forth in 20 CFR Part 404, Subpart P, Appendix 1 when finding that "[t]hrough the date last insured … [plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments." (*Id.*)

At step four, the ALJ determined that,

> "[a]fter careful consideration of the entire record, the undersigned finds that … [plaintiff] has the [RFC] … to perform a full range of work at all exertional levels but with the following non-exertional limitations: he was able to understand, remember and carry out simple, routine and repetitive tasks, in a work environment free of fast paced production requirements, that is goal-oriented rather than strict quota oriented; involving only simple work-related decisions; with few, if any, workplace changes. He could work for 2 hours before needing a break; could have occasional interaction with supervisors and coworkers that was brief and superficial in nature; and could not have any public contact."

(*Id.* p.10.)

At step five, the ALJ considered plaintiff's age, RFC, education, and work experience when determining that "there were jobs that existed in significant numbers in the national economy that … [plaintiff] could have performed … ." (*Id.* p.19.)

### IV. DISCUSSION

Plaintiff only challenges the ALJ's decision at step four. He argues that the ALJ erred by "failing to account for the 'total limiting effects' of [p]laintiff's severe mental impairments" by undervaluing the "medical opinions at issue and

5

[p]laintiff's statements [which] describe greater limitations than the ALJ's RFC … ." (ECF No. 18 (Mo. Br.) p. 7, 21.) Specifically, plaintiff claims that the ALJ did not properly weigh plaintiff's testimony and Doctors Cascarina and Rajput's and nurse practitioners [NP] Roberts and Nwobi's opinions concerning plaintiff's limitations. (*Id.* pp. 23–32.) The Commissioner counters that the ALJ's decision is supported by substantial evidence. (ECF No. 21.)

Since plaintiff is challenging whether his impairments amount to a qualifying disability under the first four steps, he bears the burden of demonstrating that not only did the ALJ err, but that the error was harmful. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009) (holding that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). In other words, plaintiff bears the burden of demonstrating that but for the error, he might have proven his disability. *See Shinseki,* 556 U.S. at 409–10. If plaintiff cannot articulate, based on the existing record, the basis for a decision in his favor, then he is unlikely to show that an error was harmful. *See id.*

### A. The Weight of the Medical Opinions and Plaintiff's Statements

The ALJ rejected plaintiff's testimony concerning the severity of his mental health condition and provided little weight to Doctors Cascarina and Rajput's, and NP Roberts' medical opinions, and partial weight to NP Nwobi's 2020 and 2022 medical opinions (ALJ Decision pp. 15–18).

Plaintiff argues that because Dr. Cascarina is a family physician, Dr. Cascarina is qualified to provide an opinion on plaintiff's mental limitations. (Mo. Br. p. 23.) Plaintiff further claims that Dr. Cascarina's opinion is consistent with the "medical record generally" and "with the opinions of NP Nwobi and NP Roberts that he would be off-task and absent at least some portion of the workday and month due to his symptoms." (*Id.*) In response to

6

the ALJ's finding that Dr. Rajput's opinion was unsupported by his treatment notes and that his notes were vague, plaintiff "concedes that this opinion lacks some specificity, however, it supports the opinions of Dr. Cascarina, NP Nwobi, and NP Roberts, and is consistent with the record generally, including his own treatment notes." (*Id.* p. 28.)

While "an ALJ must clearly set forth the reason for his [or her] decision" and "provide a 'discussion of the evidence,'" there are no "magic" words the ALJ must use. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (first quoting *Burnett v. Comm's of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000) (second quoting *Jones*, 364 F.3d at 505). The ALJ discussed plaintiff's statements, and Doctors Cascarina and Rajput's and NP Roberts and Nwobi's medical opinions in detail. In summarizing their content, the ALJ explained that their opinions and plaintiff's testimony in support of further limitations at step four conflicted with the evidence in the record. For example, the ALJ noted that plaintiff testified at hearings in 2018, April 2020, and May 2022 that he suffered from "manic episodes" and "depression, mood swings, interpersonal deficits, trouble dealing with the public, tiredness, side effects from prescribed medications, focusing problems, poor memory, poor hygiene habits, and poor appetite." (ALJ Decision p. 11.) Conversely, the ALJ also stated that "[d]espite his alleged symptoms and limitations, [plaintiff] … and his wife admitted he could handle personal care needs, prepare simple meals, clean, do laundry, perform yardwork, drive a car, shop (including in stores and online), handle finances, read, watch television and go out alone[.]" (*Id.* p. 12.) Indeed, reviewing courts must defer to an ALJ's credibility determination of lay testimony. *Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014) (citation omitted).

Moreover, the ALJ discussed Doctors Cascarina and Rajput's and NP Roberts and Nwobi's medical opinions in detail and explained the reasons for

providing little to partial weight to their opinions. The ALJ referenced the following:

> (1) A Global Assessment of Functioning test administered by a state agency that found that plaintiff had "no more than a moderate degree of limitation due to mental health related symptoms, along with the ability of the claimant to perform work related activities at any exertional level." (ALJ Decision p. 17);
>
> (2) a lack of evidence in the record that plaintiff "has been referred for emergency intervention or inpatient psychiatric care." (*Id.* p. 12);
>
> (3) numerous medical visits over several months concerning plaintiff's mental health where he reported improving symptoms. (*Id.* p. 12–14). The ALJ further noted "frequent office visits in which … [plaintiff] denied any mental symptoms at all, with contemporaneous mental status examinations frequently demonstrating no cognitive or interpersonal deficits." (*Id.* p. 18.)

To the extent plaintiff argues that the ALJ failed to consider evidence in the record demonstrating broader limitations than the ones outlined at step four, "even if there is contrary evidence in the record that would justify the opposite conclusion the ALJ's decision will be upheld if it is also supported by the evidence." *See Parsons v. Barnhart*, 101 F. App'x 868, 869 (3d Cir. 2004).

## V. CONCLUSION

For the reasons stated above, the Commissioner's decision denying plaintiff's application for social security benefits is **AFFIRMED**.

                                                */s/ Edward S. Kiel*
                                                EDWARD S. KIEL
                                                UNITED STATES DISTRICT JUDGE

Dated: December 20, 2024